## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Dr. Juan M. Rodríguez Rivera dba "Centro Reumatologico Dr. Juan Rodriguez"** **Plaintiff** | **CIVIL NO.** **CIVIL ACTION FOR TORTS; DAMAGES; BREACH OF CONTRACT; UNJUST ENRICHEMENT** |
| **V.** | **18 U.S.C. 1341 AND 18 U.S.C. 1342** |
| **Allscripts Healthcare Solutions, Inc.; Health Data Solutions, LLC; Insurance Companies A, B, and C, John Doe & Richard Roe** **Defendants** | **FEDERAL QUESTION** **PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, **Dr. Juan M. Rodriguez Rivera MD**, through their undersigned attorney, and before this Honorable Court respectfully states, alleges and prays as follows:

### I.      INTRODUCTION AND BACKGROUND

1. This is a civil action under the U.S. Jurisdiction for the damages suffered by the Plaintiff and caused by the fault, negligence and under the responsibility of the Defendants in connection with the unauthorized destruction of more than 11,000 electronic protected health information records (EHR) by the Defendant in violation of the federal Health Insurance Portability and Accountability Act ("HIPAA") and other federal applicable laws and in violation of 18 U.S.C. 1341 and 18 U.S.C. 1342.

2. An EHR is a systematic collection of electronic health information about individual patients. It is a record in digital format that is theoretically capable of being

shared across different health care settings. In some cases this sharing can occur by way of network-connected enterprise-wide information systems of other information networks or exchanges. EHRs may include a range of data, including a record of medical care, medications, laboratory results, radiology images, and personal data such as age, weight, allergies, and billing information. The EHR concept was developed to present a complete record of a clinical patient's medical history and encounters with health care providers that can be accessed by clinicians via electronic interfaces.

3.   In February 2009, the Health Information Technology for Economic and Clinical Health (HITECH) Act was enacted under Title XIII of the American Recovery and Reinvestment Act of 2009. Under the HITECH Act, the federal government intends to promote and expand the adoption of health information technology including the creation of a nationwide exchange network of electronic health records to enhance and improve the delivery and continuity of healthcare services to individuals. The HITECH Act mandates that all health care providers who provide services under federal programs like Medicare and Medicaid acquire, upgrade, and implement health information systems to comply with EHR specifications and privacy and security protections.

4.   The HITECH ACT includes incentive payments to health care providers for the meaningful use of certified EHR technology under three components. Each component requires that the health care provider acquire and use a certified EHR technology, and requires that the technology enable the provider to meet select criteria relating to capturing and sharing data, allow the exchange of data with other providers, and have processes that improve patient care continuity.

5.   The passage of the HITECH Act caused many software companies to enter into the EHR vendor sector each trying to attract physicians looking to upgrade to HITECH Act compliant EHR technology. This fact forced established vendors of EHR software to either improve their products with features that would meet the Act's certification criteria or risk obsolescence.

6.   Defendants began an aggressive marketing campaign of the EHR product to small physician practice groups.

## II.      PARTIES

7.   Plaintiff, **Dr. Juan M. Rodriguez Rivera** MD, aka Dr. Juan M. Rodriguez, a practicing physician, rheumatologists, resident and domiciled in Puerto Rico, and all time relevant to this action doing business as "Centro Reumatológico de Bayamon Dr. Juan M. Rodríguez".

8.   Co-Defendant, Allscripts Healthcare Solutions, Inc. (hereinafter Allscripts) is a publicly traded American company that provides physician practices, hospitals, and other healthcare providers with practice management and electronic health record technology and services under HIPAA. Allscripts is a Delaware Corporation with its principal offices in 222 Merchandise Mart Plz. Ste 2024, Chicago IL 60654, United States. Allscript phone number is: 312-506-1200.

9.   Upon information and belief at all relevant times of the instant case NovatekPR and Allscripts had a business relation through healthcare product and services with Plaintiff.

10. Co-Defendant Healthcare Data Solutions, LLC (hereinafter "HDS") is an information healthcare company that provides services and healthcare organization

databases under HIPAA. By information and belief HDS acquired Novatek Inc. (EHR) division. HDS has physical address in 12855 SW 132nd Street, Suite 2009, Miami, FL 33186.

11. Upon information and belief at all relevant times of the instant case NovatekPR and HDS had a business relation through healthcare products and services with Plaintiff.

12. Co-Defendants Insurance Companies A, B, C are the fictitious name of one or more insurance carriers organized and existing under the laws of any state or territory other than Puerto Rico that as of the date of the facts averred herein have issued and maintained in full force an effect one or more insurance policies on behalf of the herein Defendants. Once its or their true name and identity are ascertained, Plaintiff will proceed to amend the instant Complaint.

13. Co-Defendants John Doe and Richard Roe are the fictitious name of unknown tortfeasors incorporated or duly organized in any state or territory other than Puerto Rico. Once its or their true name and identity are ascertained, Plaintiff will proceed to amend the instant Complaint.

14. Allscripts, HDS, Insurance Companies A, B, C, John Doe and Richard Roe (hereinafter collectively named "Defendants").

15. All Defendants individually and/or collectively respond and are liable to the Plaintiff for all the damages sustained and claimed herein and caused by the Defendants.

### III.   JURISDICTION AND VENUE

16. This is a civil action under the U.S. Jurisdiction for the damages suffered by Plaintiff and caused by the fault, negligence and under the responsibility of defendant in connection with the unauthorized and unlawful destruction of Plaintiff's 11,000 electronic protected health information records (EHR) by the Defendants in violation of the Health

Insurance Portability and Accountability Act (HIPAA), federal health care rules and regulations and other applicable laws, and by defrauding the plaintiff through unlawful acts through the means of Postal Service and other communication services, in violation of 18 U.S.C. 1341 and 18 U.S.C. 1342.

17. Subject matter is proper in this Court under 28 §§ 1331.

18. Furthermore, this Court has diversity jurisdiction over all parties and subject matters of this litigation pursuant to 28 U.S.C. § 1332 because all the parties on either part of the controversy are of diverse citizenship, the Plaintiff is resident and citizen of Puerto Rico, and the Defendants are all legal entities organized an existing under the laws of the state of Chicago, Florida and/or other states of the United States of America and the amount in controversy exceeds the sum of **SEVENTY FIVE THOUSAND DOLLARS** ($75,000.00), exclusive of interest and costs.

19. Venue of this action in this judicial district is proper inasmuch as the activities of non- resident are systematic and continuous for a substantial period of time; the damages sustained by Plaintiff and caused by the unlawful acts and omissions of the Defendants occurred and took place within this jurisdictional district, and the violations of HIPPA and the federal health care laws and regulations caused by the Defendants occurred within this judicial district; and by the Defendants placing their products into the stream of commerce such that it reaches this forum state; Defendants seek to serve residents of the forum state. Furthermore, by information and belief, Defendants conduct substantial business in this forum, directly or through intermediaries, including (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

20.  Venue is proper in this district pursuant to § 1391.

## IV.    FACTS

21. At all time relevant to this action Plaintiff purchased the MyWay product which is a software product of Allscripts for the storage of digital and electronic sensitive and protected health care records ("EHR") and paid a sum in excess of Forty thousand dollars ($40,000) to acquire the software, and thereafter the plaintiff paid monthly installments of around $799.00 each during a period in excess of 5 years, trained 3 employees, and integrated its electronic and protected health care records ("EHR") data. Plaintiff relied on Allscripts representations regarding MyWay when making the decision to purchase the products and services, as an example, (Allscripts expertise representation in the compliance with all Federal health laws and regulations, data protection, and all other matters related to comply with HIPAA, other Federal laws, among others). Allscripts, however, did act in accordance with their representations and allegations toward Plaintiff.

22. Moreover, Allscripts intentionally and unlawfully destroyed Plaintiff data contained in the EHR in violation of HIPAA and federal rules and regulations.

23. By information and belief, at all time relevant to this action Plaintiff had an Allscripts account number: 1700133A 10013968, identified by Allscripts accounts as "Centro-Rheumatological" which relates to the Plaintiff's medical offices and Puerto Rico, and within Puerto Rico jurisdiction.

24. By information and belief on or about July 15, 2009 NovatekPR and Plaintiff entered into a Business Associates Agreement (BAA) under HIPAA with Plaintiff to set forth the terms and conditions about "protected health information" (PHI), as defined by HIPPA and Federal Regulations.

25. On the BAA NovatekPR agreed to maintain the security and privacy of all protected health information under HIPAA, federal regulations and under all other applicable laws.

26. NovatekPR, Inc. (hereinafter "NovatekPR") a for profit corporation provided health care data solutions for electronic health record (EHR) under HIPAA and had acted as agent for the Defendants.

27. Furthermore, Defendants had the obligations and responsibilities to mitigate any loss for their failure to safe keep and to protect the EHR Data of Plaintiff.

28. On April 8, 2011 NovatekPR sent an email to Plaintiff with a MyWay Database Upgrade Notice that stated: "Allscripts' Saas Operations team will begin upgrading your database(s) to MyWay 9.0.2…" However, the Defendants failed and did not upgrade Plaintiff database and system.

29. On August 29, 2013 Plaintiff, through the sale services of Luis Carmoega, MCP, MCSA, ITLv3, who represented to the plaintiff to be an agent of the defendants and/or defendants products, entered into a new Subscription Software License and Service Agreement with HDS-Aprima PRM. (hereinafter the "Agreement").

30. APRIMA is a health care software that manages PHI electronic health care records for medical practices.

31. Plaintiff relied on HDS representations regarding APRIMA when making the decision to purchase the product and services as an example (APRIMA expertise representation in the compliance with all Federal health laws and regulations, data protection, and all related matters related to comply with HIPAA, and other Federal laws, among others). HDS, however, did not act in accordance with their representations and allegations towards Plaintiff.

32. At all time relevant to the instant action Plaintiff made its payments to the Defendants.

33. On or about August 2013, after the Agreement, Plaintiff was notified that APRIMA software will be installed in Plaintiff system.

34. However, after making payments for more than two (2) years, APRIMA was never installed in Plaintiff's system.

35. On October 5, 2015, Plaintiff communicated with HDS requesting the cancellation of their agreement and the migration of his EHR and requested that any data needed to start and complete the process be provided, inasmuch as among other reasons, Allscripts no longer developed MyWay software products. Moreover, MyWay software was not performing properly and in compliance to meaningful use to use 2 or ICD10 codes.

36. By information and belief, ICD-10 code is the 10th revision of the International Statical Classification of Diseases and Related Health Problems (ICD), a medical classification list by the World Health Organization (WHO). It contains codes for diseases, signs, and symptoms, abnormal findings, complaints, social circumstances and external causes of injury and diseases.

37. Shortly thereafter on November 16, 2015, HDS replied that they have a new address, and expressed to Plaintiff the availability to upgrade the system for the Plaintiff to move all his electronic data.

38. Upon information and belief, on November 2, 2015, Steven Bertolio, HDS controller, sent an email to Plaintiff stating that there is an open balance for service rendered and attached a balance statement.

39. A copy of the balance statement with unpaid invoices was sent by HDS to Plaintiff with an outstanding balance of $5,042.21.

40. On November 14, 2015, Plaintiff sent an email to HDS: "that the system I've been using since 01/01/2010 IS NOT Aprima is Allscripts". On the same Email, Plaintiff requested his money back and requested evidence for APRIMA system usage by his office.

41. On December 4, 2015, Plaintiff sent a letter to HDS notifying that due to lack of communication and support from HDS towards his office and among other technical considerations their agreement will end and requested the transition to commence the movement of his EHS on December 19, 2015.

42. On or about July 5, 2016 Plaintiff contacted Allscripts website Client Support to inquire about a hold on his account, of which Allscripts assigned "Case number 11953589" to said Plaintiff request.

43. By information and belief at all relevant time of the instant action, Allscripts identified Plaintiff account number: 1700133A 10013968.

44. Surprisingly on or about September 1, 2016, Allscripts sent letter to Plaintiff and addressed to all Allscripts' clients about "Urgent Product Alert: Misys MyWay End of Support Program", and also Allscripts advised that: "we will be discontinuing support of the Misys MyWay®application effective October 31, 2017."

45. By information and belief on January 4, 2017, Allscript notified by email to plaintiff the reason for the hold on plaintiff; account was due to payment. Allscript also notified plaintiff to speak with the sale team to know the cost of the migration and responded that: "that sale team will direct you to the tech team to help with the migration".

46. On February 10, 2017 Allscripts notified by email to Plaintiff that Plaintiff's patient EHR data was no longer available since Allscripts had destroyed the EHR data.

47. Shortly thereafter, still in shock, in disbelief, amazed and very worried, the Plaintiff replied to Allscripts that by their plaintiff's EHR data destruction, the plaintiff had lost over 11,000 medical health records of his patients EHR during a period of the last 5 years, and asked for the restitution of all of his EHR data.

48. In total disregard of Plaintiff request, Allscripts did not provide the Plaintiff's EHR data.

49. By Allscripts actions and/or omissions by not preserving Plaintiff EHR data, and in disregard to plaintiff request, and as required by HIPAA and other federal laws, Allscripts grossly violated federal laws and other federal regulations.

50. The unlawful destruction of said electronic sensitive and protected health records by Allscripts, under the particular circumstances of this case, was in grave violation of the fiduciary duty due to the Plaintiff, and caused, is causing and will cause serious and grave damages and anguish to the plaintiff, all of which is in violation HIPAA and other federal regulations and other applicable laws.

51. The Defendants have used the US Postal Service, internet and wireless media for their dishonest services, practices, promotions and in connection with the destruction of the EHR record of the Plaintiff in violation of HIPAA, the federal laws, and other applicable laws, which by said Defendants' unlawful acts and omissions have caused is causing and will cause serious and grave damages to the Plaintiff.

52. At all relevant time to this action Defendants have not acted as a prudent and reasonable man through the means of the Interstate commerce, enriching themselves by

fraudulent, dishonest and illegal acts through the means of the US Postal Service, wireless media, internet, and causing harm and damages to the Plaintiff and to his healthcare services.

53. By destroying the Plaintiff's client EHR Data, Allscripts did not proceed accordingly to HIPPA and other federal regulations.

54. The Defendants did not act according to the Office of the National Coordinator for Health Information Technology.

55. The Defendants by their unlawful acts and omissions have violated HIPAA that mandate to ensure the confidentiality, integrity and availability of all electronic PHI. 45 CFR § 164.306.

56. Defendants' unlawful and intentional acts and or omissions by destroying Plaintiff's EHR data risked the "Medicare and Medicaid EHR Incentive Programs Prevention of Information" that Plaintiff has to keep as part of his medical practice.

57. Defendants caused damages to Plaintiff by destroying his EHR data.

58. Defendants knew or should have known that the EHR data destruction will harm and cause damages to Plaintiff.

59. It was foreseeable to the Defendants that selling a defective product will cause damages to Plaintiff.

60. As of result of EHR data destruction and defendant negligent acts and or omissions, Plaintiff has lost its EHR data in detriment of his medical practice, which caused damages to Plaintiff.

61. Defendants voluntary acts or omissions in reckless disregard of a legal and fiduciary duty toward the Plaintiff, have caused serious economic and moral damages to the plaintiff.

62. Defendants breach of duties toward the plaintiff, have caused serious economic and moral damages to the plaintiff.

### V. DAMAGES

63. The allegations of the preceding paragraphs are re-alleged as if fully alleged herein.

64. Plaintiff has suffered in the past, continue suffering damages in the present and in the future, as a result of the negligence of the Defendants, such as but not limited to:

   a.  Plaintiff's EHR data destruction for more than 11,000 patients,

   b.  EHR data recollection for more than 11,000 patient (including more than 5 years of patient data, effort and money of Plaintiff);

   c.  Plaintiff's office possible shutdown for at least 5 years;

   d.  Incur in the loss of 5 years to set up the system and input the aforementioned transactions;

   e.  Will have to start from scratch in terms of compiling patient EHR data in order to rebuild the entire Plaintiff record. To carry out such an immense effort, the plaintiff will have to consume significant time, labor, money and resources necessary to do so;

   f.  prior to the EHR data destruction, Plaintiff has spent significant time, labor, money and resources in his many years as a practicing physician, in building and earning his credibility and reputation in the community. Losing EHR

data, which is the heart of Plaintiff reputation, work and effort, will destroy the confidence in the community and the clients' confidence gained, and will completely ruin Plaintiff's hard-earned-reputation.

g.   business interruption for 5 year data recollection;

h.   the destruction of the EHR data may ultimately cease Plaintiff operations completely;

i.   will incur in loss of income;

j.   will incur in additional cost of personal training for data recollection;

k.   will incur in moral damages and anguish;

l.   depression and anxiety; and

m.   lost of enjoyment of life;

65.   As a result of the Defendants' negligence, Plaintiff has suffered, is suffering and will suffer damages estimated in a sum in excess of TEN MILLIONS DOLLARS ($10,000,000).

66.   As a result of the Defendants' negligence, Plaintiff has suffered, is suffering and will suffer emotional damages estimated in a sum not less than ONE MILLION DOLLARS ($1,000,000.00.)

## VI. NEGLIGENCE, GROSS NEGLIGENCE AND LIABILITIES, MAIL AND WIRELESS FRAUD IN VIOLATION OF 18 U.S.C. 1341; AND 18 USC 1342

67.   The allegations of the preceding paragraphs are re-alleged as if fully set forth in their entirety.

68.   Defendants are liable for their acts, omissions, and/or negligence; and also they are liable for the acts, omissions and/or negligence of their employees and/or agents,

pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. §§ 5141, 5142. A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damages so done. 31 P.R. Laws Ann. §§ 5141.

69.  The Defendants did not exercise due care, supervision and vigilance necessary to avoid and to prevent the injuries over the acts and/or omission of its agents, servants, subordinates, operators, maintenance up-keepers, controllers, and/or employees acting within the scope of their employment and/or within the scope of their agency, for their negligence, and without the Defendants exercising all the diligence of a good father of a family or that of a reasonable person.

70.  The breach of all of the above duties by defendant was the adequate and/or proximate cause for Plaintiff damages. Defendants were negligent, because their acts and/or omissions were not of a man of normal or ordinary diligence. *Gierbolini vs. Employers Fire Ins. Co.*,104 D.P.R. 853, 859-861 (P.R., 1976). Defendants breach of this duty is the direct, proximate and/or adequate cause of Plaintiff's damages. Defendants owe a duty of care to Plaintiff. Defendants breached that duty of care and created an irreparable harm and detrimental conditions to the Plaintiff.

71.  Under Articles 1802 and 1803 of the Civil Code of Puerto Rico, the Defendants are jointly and severally liable for all damages caused to the Plaintiff by their negligence, as fully alleged herein.

72.  At all time relevant to this action Defendants knew they have in their possession Plaintiff's EHR Data.

73.  The unlawful destruction of Plaintiff's EHR by the Defendants has caused, is causing and will caused grave harm, anguish and damages to the Plaintiff inasmuch as the

Defendants had full knowledge of plaintiff's physician / patient underlying agreement / relationship and of the physician / patient health EHR records. By defendants' violations of their fiduciary duty of that of a reasonable man to preserve, up keep and conserve plaintiff's EHR, defendants acted in an unlawful manner and in grave detriment of the Medicaid and Medicare health patients records, which precludes and affects adversely the medical services provided and to be provided by the plaintiff to his patient under the physician / patient underlying agreement / relationship.

74. Defendants' acts were in bad faith and intentionally grounded.

75. Although Plaintiff requested his EHR data restoration, Defendants, in total disregard, failed to do so in bad faith.

76. At all relevant time to this action, Defendants have not acted as a prudent and reasonable man. Defendants have used the means of the Interstate commerce, and enriching themselves by their fraudulent and illegal acts using the US Postal Services, and through the internet and, in the process, defendants have harmed and damaged Plaintiff and affected plaintiff's healthcare services.

77. Defendants have enriched themselves through the means of dishonest services, practices, promotions and misrepresentations, in violation of federal laws and rules through Interstate commerce. By their fraudulent and illegal acts using the US Postal Services, and through the internet and, in the process, Defendants have harmed and damaged Plaintiff and affected plaintiff's healthcare services.

78. Defendants have placed their products intended to perform as an EHR database into the stream of interstate commerce in such a way to have caused damages to Plaintiff and haves illegally enriched themselves directly or through intermediary means.

79.   Defendants have defrauded and enriched themselves at the expense of the use of the US postal services, internet and emails services, and in the process, defendants have harmed and damages the Plaintiff healthcare reputation, experience, facilities and services.

80.   The EHR data at issue contains PHI and other confidential health records which are protected by federal law pursuant to HIPAA and its implementing regulations. See 45 CFR § 164.306.

81.   Defendants did not act in accordance with the Office of the National Coordinator for Health Information Technology.

82.   Defendants knew or should have known that EHR data destruction will harm and cause damages to Plaintiff.

83.   It was foreseeable to Defendants that selling a defective product will cause damages to Plaintiff.

84.   As of result of Plaintiff's EHR data destruction by defendants' negligent acts and omissions, Plaintiff has lost his EHR data, and defendants have caused all the damages to the plaintiff as fully alleged herein.

85.   Defendants' unlawful and intentional acts or omissions in reckless disregard of a legal and fiduciary duty toward the Plaintiff have caused serious economic and moral damages to the Plaintiff.

**WHEREFORE,** Dr. Juan M. Rodriguez seeks compensatory damages resulting from Defendants' illegal and negligent acts by means of the interstate commerce, and all further relief deemed appropriate by this Court, including an award of attorney fees and costs incurred in bringing this action.

### VII. COUNT I BREACH OF WARRANTY

86.  The allegations of the preceding paragraphs are re-alleged as if fully set forth in their entirety.

87.  Defendants promised, represented, and warranted to the Plaintiff that the My Way product was free of defects and would conform to its intended purpose and perform in the manner it was represented to work.

88.  The Plaintiff purchased the MyWay product manufactured and/or managed and/ or sold and/or operated by defendants based upon the representations made by Defendants that it was suitable for its intended purpose.

89.  Therefore, Plaintiff purchased the MyWay product with the expectation that it would be free of defects and be suitable for its intended purpose.

90.  At all times, Plaintiff was using the MyWay product in its intended manner.

91.  The product was defective when sold to the Plaintiff.

92.  Defendants breached the warranty to the Plaintiff because the product sold was not free of defects and did not conform to its intended purpose or otherwise performed in the manner it was represented to work.

93.  As a result of Defendants' breach, the Plaintiff has been harmed and is suffering the damages alleged herein.

**WHEREFORE,** Dr. Juan M. Rodriguez seeks compensatory damages resulting from Defendants' acts or omissions of breach of warranty, and all further relief deemed appropriate by this Court, including an award of attorney fees and costs incurred in bringing this action.

### VII. COUNT II UNJUST ENRICHMENT

94.  The allegations of the preceding paragraphs are re-alleged as if fully set forth in their entirety.

95.   Defendants have enriched themselves by dishonest services and practices and promotions and representations in violation of federal laws and rules through Interstate commerce and using the US Postal Services, internet and other communication services.

96.   Defendants have placed its product intended to perform as an EHR database into the stream of interstate commerce in such a way that it caused damages to Plaintiff and has illegally enriched themselves directly or through intermediary means.

97.   Defendants have enriched themselves at the expense of plaintiff and by using the US postal services, internet and emails services, in such a way that defendants have harmed and damaged Plaintiff's healthcare reputation, experience, facilities and services.

98.  Plaintiff have been unduly burdened and impoverished by Defendants illegal actions and has placed Plaintiff in a precarious condition.

99.  Plaintiff is a purchaser of the MyWay product which conferred a pecuniary benefit on Defendants when Plaintiff paid money for the MyWay product and related maintenance services.

100. Defendants appreciated the pecuniary benefits conferred upon it by Plaintiff of the MyWay product in the form of revenues.

101. Defendants accepted and retained those pecuniary benefits from Plaintiff when it should have delivered a software program that performed as it was intended to work.

102. Defendants failed to deliver an EHR software program and services that performed as it was intended to work in a lawful manner.

103. Defendants' receipt and retention of the money it received from Plaintiff without delivering an EHR software program that performed as it was intended to work; that complied with federal rules and regulations; and with a service that work in a lawful manner constitutes an inequitable and unjust enrichment.

**WHEREFORE,** Dr. Juan M. Rodriguez seeks restitution and compensatory damages resulting from Defendants' unjust enrichment, and all further relief deemed appropriate by this Court, including an award of attorney fees and costs incurred in bringing this action.

## IX. COUNT III <u>BREACH OF CONTRACT</u>

104. The allegations of the preceding paragraphs are re-alleged as if fully set forth in their entirety.

105. The Defendants agreed that it would (1) make the database available; (2) update and upgrade the software and to implement the transition to any other EHR database of Plaintiff choice; and (3) ensure that the Plaintiff data base would function and perform substantially in accordance with the health care law, regulations and specifications .

106. Defendants materially breached their Agreements by not updating or upgrading the Plaintiff EHR data and by the unlawful destruction of Plaintiff EHR data.

107. Plaintiff has been, is being and will be damaged by this material breach of their agreement inasmuch as the Plaintiff has lost more than 11,000 EHR data and can no longer access the EHR Client Data that has taken many years of effort and work to build.

**WHEREFORE,** Dr. Juan M. Rodriguez, respectfully requests this Court to enter a judgment in favor of Plaintiff and against Defendants, and to award the Plaintiff his damages, pre- and post-judgment interest and costs, and grant Plaintiff such further relief this Court deems just and proper.

## X. INSURANCE COMPANIES "A" "B" AND "C"

108. Co-Defendants Insurance Companies A, B, C are the fictitious name of one or more insurance carriers organized and existing under the laws of any territory or a state of the United States of America other than Puerto Rico that as of the date of the facts averred herein had issued and maintained in full force an effect one or more insurance

policies on behalf of the herein Defendants or tortfeasors. Once its or their true name and identity are ascertained, Plaintiff will proceed to amend the instant Complaint.

109. Defendants Insurance Companies A, B and C are directly liable to Plaintiff for all injuries / damages suffered as a result of its negligent acts and/or omissions pursuant to the provisions of Articles 20.001 and 20.003 of the Insurance Code of Puerto Rico, 26 L.P.R.A. §§ 2001 and 2003 and including the breach of contract and/or agreement.

110. At all relevant times to this action Defendants and insurers acted in bad faith.

## XI. JOHN DOE AND RICHARD DOE

111. The allegations of the preceding paragraphs are re-alleged as if fully set forth in their entirety.

112. Defendant, JOHN DOE and RICHARD ROE are the fictitious name of an individual or entity domiciled in or incorporated in a state of the United Sates or territory other than Puerto Rico, which are also responsible and liable to plaintiffs for the damages resulting from the facts averred herein. Once its true name is ascertained, Plaintiff will move forthwith to substitute their fictitious names with their actual names and/or will move with the corresponding amendment to the complaint.

113. To the extent John Doe and Richard Roe have been included and referred as Defendants, they are liable for all damages cause to Plaintiff.

## XII. TEMERITY

114. The. The allegations of the preceding paragraphs are re-alleged as if fully set forth in their entirety.

115. At all relevant times to this action Defendants acted in bad faith.

116. Although the Plaintiff requested Defendants the EHR data restoration, the defendants, in total disregard of plaintiff's request, failed to do so and in bad faith and unlawfully destroyed Plaintiff EHR data in violation of HIPPA and other applicable laws, and caused the damages set forth herein to the Plaintiff.

117. In the event that Defendants deny responsibility for the damages claimed herein, due to obstinate and temerarious denial, Plaintiff is also entitled to be awarded pre-judgment and post-judgment interest to be computed from the amount finally adjudged to them, plus a reasonable amount for attorney's fees.

## XIII. REQUEST FOR JURY TRIAL

118. Plaintiff demands trial by jury.

## XIV. RELIEF

**WHEREFORE**, Dr. Juan M. Rodriguez respectfully prays that the Honorable Court grants the present complaint for the Plaintiff and against the Defendants and awards jointly and severally the following relief:

a. The plaintiff has suffered damages;

b. the Defendants are liable and responsible to the Plaintiff;

c. enters judgment against Defendants for all the sums claimed herein as damages for the Plaintiff;

d. awards temerity damages against Defendants;

e. awards Plaintiff pre-judgment and post judgment interest;

f. awards Plaintiff reasonable attorney fees and cost;

g. awards future loss of income and economic loss;

h. awards such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**

San Juan, Puerto Rico, this 9th day of February, 2018.

    **I HEREBY CERTIFY** that on this date I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

|  |  |
|---|---|
|  | *Sgd/JORGE LUIS GUERRERO-CALDERÓN*<br>JORGE LUIS GUERRERO-CALDERÓN<br>USDC-PR 116806<br>Attorney for the Plaintiff<br>301 Calle Recinto Sur, Suite 502<br>San Juan, Puerto Rico 00901-1945<br>(787) 723-3355      fax (787) 721-2126<br>tuttieguerrero@yahoo.com<br><br>*Sgd/MELVIN ROSARIO-RODRÍGUEZ*<br>MELVIN ROSARIO-RODRÍGUEZ<br>USDC-PR 206409<br>Attorney for the Plaintiff<br>PO Box 9022987 San Juan PR 00902-2987<br>(787) 587-3780 codigoe@gmail.com<br><br><br>*Sgd./ FRANCISCO L. CHARLES-GOMEZ*<br>CHARLES GOMEZ LAW OFFICE, LLC<br>USDC-PR 303211<br>Attorney for the Plaintiff<br>1606 Ponce de Leon Ave.<br>Suite 204 Bogoricin Building<br>San Juan, P.R. 00908<br>Tel. (787)-662-0178 fax. (787)-724-6780<br>fcharleslaw@gmail.com |