## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Juan M. Rodriguez-Rivera**, | |
| *Plaintiff,* | **CIVIL NO. 18-1076 (DRD)** |
| v. | |
| **Allscripts Healthcare Solutions, Inc. et al,** | |
| *Defendants.* | |

### Opinion and Order

Defendant Allscripts Healthcare Solutions, Inc. (hereinafter, "AllScripts") moves the Court to strike plaintiff Dr. Juan M. Rodriguez-Rivera's (hereinafter, "Dr. Rodriguez-Rivera"), *Motion Submitting Jury Demand* (Docket No. 216). Pending before the Court is Allscripts *Motion to Strike Plaintiff's Request for Jury Demand* (Docket No. 222).

For the reasons set forth below, the Court GRANTS Allscripts request to strike Dr. Rodriguez-Rivera's jury demand. The Court DENIES Dr. Rodriguez-Rivera's request for a jury trial regarding the existence of an arbitration agreement. A Status Conference is scheduled for Thursday, June 29, 2023, at 3:00PM to discuss the status of the case and set calendar for a bench trial solely to rule on the issue as to the existence – or lack thereof - of an arbitration agreement.

I.      Background

On July 19, 2022, the Court of Appeals for the First Circuit ("USCA") issued an *Opinion and Order* vacating *Judgment* entered (Docket No. 190). The USCA held that the Court should have proceeded summarily to trial to resolve the question of whether a contract containing an arbitration clause and signed by Dr. Rodriguez-Rivera exists. (Docket No. 214, at 35). The case was remanded for trial to determine if there is an agreement to arbitrate between the parties. On August 22, 2022, Dr. Rodriguez filed a jury trial demand regarding the issue of whether between the parties exists a valid arbitration agreement. (Docket No. 216).   Allscripts moved to strike Dr. Rodriguez-Rivera's jury demand. (Docket No. 222).  Allscripts argues that Dr. Rodriguez's jury demand is late as it was filed over two and a half years later then required by the Federal Arbitration Act ("FAA") (9 U.S.C.A. § 1 et seq) and case law. *Id.* Dr. Rodriguez-Rivera argues that he has been requesting a jury trial all along (Dockets No. 49 & 169) and reiterated his request in the *Motion Submitting Jury Demand* (Docket No. 216).

II.      Applicable law

The Federal Arbitration Act ("FAA") provides that a "written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract... shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The FAA contemplates Congress' intent to create a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346, 131 S.CT.

1740, 179 L.Ed.2d 742 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.E.d.2d 765 (1983)). In passing the FAA, Congress sought to "place arbitration agreements 'upon the same footing as other contracts.'" *Air-Con, Inc. v. Daikin Applied Latin America, LLC*, 21 F.4th 168, 173 (1st Cir. 2021)(quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Hence the FAA require courts to treat arbitration "as a matter of contract" and enforce agreements to arbitrate "according to their terms." *Air-Con, Inc. v. Daikin Applied Latin America, LLC, 21 F.4th 168* at 173.

The FAA authorizes the party aggrieved by another party's noncompliance with a written arbitration agreement to petition in federal court for an order compelling arbitration. 9 U.S.C. § 4.  Section 4 of the FAA reads as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. **Five days' notice in writing of such application shall be served upon the party in default.** Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. **If the making of the arbitration**

**agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default,** or if the matter in dispute is within admiralty jurisdiction, **the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.** If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.  9 U.S.C. § 4.

The Court's first step in determining whether to compel arbitration is to identify a valid and enforceable agreement to arbitrate between the parties. The FAA guides that when a dispute exists as to the existence of an arbitration agreement, the Court may proceed in two ways. If no jury trial is requested by the party in default, the Court will hear the issue and determine the issue of the existence of the arbitration hearing after a bench trial. "[T]he party alleged to be in default may [...] on or before the return day of the notice of application, demand a jury trial of such issue[.]" 9 U.S.C.A. § 4. Section 4's directive to proceed "summarily" requires that the district court limit the focus of the "expeditious and summary" § 4 trial to the question of whether the parties agreed

to arbitrate. *Air-Con, Inc. v. Daikin Applied Latin America*, LLC, 21 F.4th 168, 175 (1st Cir. 2021).

It is only if the party opposing arbitration, "on or before the return day of the notice of application, demand[s] a jury trial of such issue," that the court must proceed to a jury trial. Hence, the responsibility is on the party resisting arbitration based on the lack of an arbitration agreement to demand a jury trial on that specific issue. *Bhatia v. Johnston*, 818 F.2d 418, 422 (5th Cir. 1987) ("[T]he party resisting arbitration... has the burden of showing that he is entitled to a jury trial under § 4 of the Arbitration Act."). To meet that burden, the party resisting arbitration must comply with the form and timeliness requirements imposed by Section 4 on jury trial demands for the purpose.

Specifically, Section 4 of the FAA requires that jury trial demands on the issue of the existence of an arbitration agreement must be made "within the return day of the notice of application" to arbitrate. 9 U.S.C. § 4. This has been interpreted to mean that the jury trial demand must be filed "before the deadline set by the district court for filing an opposition to the motion to compel arbitration." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1349 (11th Cir. 2017). As to form, furthermore, Section 4 requires a party to make a jury trial demand specifically on the issue of whether an arbitration agreement exists. *Burch v. P.J. Cheese, Inc.*, 861 F.3d at 1349.

In *Burch*, the Eleventh Circuit court resolved the question of whether a district court "erred in holding a bench trial on the signature issue in spite of Burch's general demand for a jury trial in his complaint." *Id.* In doing so, the

Burch court held that § 4 of the FAA sets forth "when the specific party must make its demand—'on or before the return day of the notice of application' to submit to arbitration... [and] how a party must make its demand—with a specific 'demand [for] a jury trial on such issue.'" *Burch v. P.J. Cheese, Inc., 861 F.3d at 1349.*

Because the party resisting arbitration – failed to demand trial by jury on the specific issue of the making of the arbitration agreement on or before the date set by the district court for the filing of any opposition to the request to arbitrate, the Court of Appeals found he waived his right to a trial by jury on this matter and affirmed the district court's decision to hold a bench trial instead. *Burch v. P.J. Cheese, Inc., 861 F.3d at 1349* -50.

IV.    Discussion

The Court finds itself upon the situation where there is an issue as to whether an arbitration agreement exists between Dr. Rodriguez-Rivera and Allscripts. Therefore, the first step that must be taken is to identify if a valid and enforceable agreement to arbitrate between the parties does exist. That is a factual matter that must be resolved in a trial.

It is only when a timely jury demand is made in response to a motion to compel arbitration that Section 4 of the FAA requires a jury trial. Here, the party at default is Dr. Rodriguez-Rivera. According to statute and case law, Dr. Rodriguez-Rivera had up until the return day of the notice of application to specifically demand jury trial on the issue of the existence (or not) of the

arbitration agreement. The term to request a trial by jury on the issue would have been after the filling of Allscripts *Motion to Dismiss for Failure to State a Claim* (Docket Nos. 169 & 164) on February 3, 2020. Dr. Rodriguez-Rivera filed his *Response in Opposition to Dismiss* on March 13, 2020. (Docket No. 169).

In his response on March 13, 2020, Dr. Rodriguez-Rivera does state that there is controversy as to the existence of an arbitration contract. (Docket 169 at 14). But he fails to make a *specific request for a jury trial* in the term and form required by section 4 of the FAA and case law. A general claim of a jury to decide during trial is made, but it is not specific.  As previously discussed, this matter has been interpreted to mean that the jury trial demand must be filed "before the deadline set by the district court for filing an opposition to the motion to compel arbitration." *Burch v. P.J. Cheese*, 861 F.3d at 1349.  If Dr. Rodriguez-Rivera wanted a jury trial on the issue of the existence of an arbitration agreement, he had the obligation to file such specific demand with his opposition filing on March 13, 2020.[1]

Between March 13, 2020, and August 22, 2022, Dr. Rodriguez-Rivera did not request a jury trial for the matter of whether the existence of an arbitration agreement exists or not. Instead, Dr. Rodriguez-Rivera waited until August 22, 2022, to file the jury demand for the specific issue – *Demand for Trial by Jury* (Docket No. 216). Dr. Rodriguez-Rivera's request for a jury trial to decide on the

---

[1] This was the deadline to file a response to Allscripts Motion to Dismiss for *Failure to State a Claim / Motion to Dismiss/ Lack of Jurisdiction* (Docket No. 163 filed on February 3, 2020). Dr. Rodriguez-Rivera requested an extension of time until March 13, 2020 (Docket No. 167) to file his response.

issue of the existence of an arbitration agreement is late as it does not comply with the timing and form mandated by the FAA and caselaw.

V.    Conclusion

Wherefore, the Court GRANTS Allscripts request to strike Dr. Rodriguez-Rivera's jury demand. The Court DENIES Dr. Rodriguez-Rivera's request for a jury trial regarding the existence of an arbitration agreement. The Court will proceed to rule on the matter with the setting of a bench trial. The parties are hereby ordered to appear via video teleconference (VTC) for a status conference on Thursday, June 29, 2023, at 3:00PM to discuss the status of the case and set the calendar for a bench trial.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 27th day of June 2023.

Daniel R. Domínguez
United States District Judge